**GEARINGER LAW GROUP**
825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7847
Tel. (415) 440-3102

BRIAN GEARINGER (State Bar #146125)

**LAW OFFICES OF CASPER,
MEADOWS, SCHWARTZ & COOK**

2121 N. CALIFORNIA BLVD., SUITE 1020
WALNUT CREEK, CALIFORNIA
94596-7333
Tel. (925) 947-1147

ANDREW C. SCHWARTZ (State Bar #64578)

Attorneys for Plaintiff MITCHELL KATZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL KATZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>COUNTY OF CONTRA COSTA, ALICIA SPENGER, CHRISTOPHER BUTLER, BENNY CHETCUTI, JR., ROSEMARIE CHETCUTI BUTLER, LYNN DAVIS, SHARON TAYLOR, STEPHEN TANABE, WILLIAM HOWARD, SHERIFF DAVID LIVINGSTON, TOWN OF DANVILLE and DOES ONE to FIFTY, inclusive.<br><br>                    Defendants. | Case No. C 11-05771 CRB<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br>[Civ. L.R. 16-10(d)]<br><br>Date:   March 1, 2013<br>Time:  10:00 a.m.<br>Dept:  17th Floor, Courtroom 6<br>Hon. Charles R. Breyer, presiding<br><br>Date Action Filed: December 1, 2011<br>Trial Date: Not set. |

The parties submit this Subsequent Joint Case Management Statement, pursuant to Civil Local Rule 16-10(d). The parties previously submitted a Joint Case Management Statement on December 14, 2012. (ECF Doc. 74.)

/ / /

**Progress or Changes Since the Last Case Management Conference**: At the December 21, 2012 Case Management Conference, the parties agreed to stay all discovery pending developments in the criminal matter involving Defendant Stephen Tanabe in *United States of America v. Stephen Tanabe*, Case Number CR 11-0941 CRB. Since then, the Court set the trial in Tanabe's criminal matter for June 24, 2013.

**Proposals for the Remainder of the Case Development Process**:

The parties request that all discovery be stayed until after the June 24, 2013 trial in *United States of America v. Stephen Tanabe*. Further, the parties request that the Court set a further Case Management Conference after the trial in *United States of America v. Stephen Tanabe*. Finally, the parties request that no trial date be set until after the trial in *United States of America v. Stephen Tanabe*.

**Settlement and ADR:**

On November 19, 2012, the Court referred this case to ADR for a "Hybrid" ADR process. (ECF 29.) On December 6, 2012, Richard J. Collier, Esq. was appointed as the ENE Evaluator. Following the December 21 Case Management Conference, the parties notified Mr. Collier of the stay pending the resolution of the Tanabe criminal matter. As a result, Mr. Collier postponed further activity regarding the Early Neutral Evaluation until he is notified that the stay has been lifted.

**Remaining Issues:**

Plaintiff understands that Defendant Stephen Tanabe is being defended by Defendant County of Contra Costa, pursuant to a reservation of rights based upon Tanabe's former employment with the County of Contra Costa. Tanabe is being represented by private counsel, rather than the Contra Costa County Counsel's office. In County of Contra Costa's Initial Disclosures, the County states that it is "permissibly self-insured." Thus, Plaintiff contends that the County is acting as Tanabe's insurer.

In Tanabe's Initial Disclosures, however, Tanabe failed to disclose any information regarding any indemnity agreement with the County of Contra Costa for a possible judgment against him. The Advisory Committee Notes to Federal Rule of Civil Procedure 26 under 1970

Amendment provide as follows: "Disclosure is required when the insurer 'may be liable' on part or all of the judgment. Thus, an insurance company must disclose even when it contests liability under the policy, and such disclosure does not constitute a waiver of its claim. It is immaterial whether the liability is to satisfy the judgment directly or merely to indemnify or reimburse another after he pays the judgment." Therefore, Plaintiff requests that the Court order Tanabe to provide a supplemental disclosure containing such information, pursuant to Federal Rule of Civil Procedure 26(e).

Tanabe responds that he provided all of the information that is required under Rule 26 at the time of his initial disclosure in the *Katz* matter. Rule 26 (a) (1)(A)(iv) requires production of any insurance agreements under which an insurance business may be liable to satisfy or indemnify or reimburse for payments made to satisfy a judgment. Tanabe responded that there were currently no documents responsive to this requirement of Rule 26. The Advisory Committee Notes to Federal Rule of Civil Procedure 26 under 1970 Amendment also provide as follows: "The provision applies only to persons 'carrying on an insurance business' and thus covers insurance companies and not the ordinary business concern that enters into a contract of indemnification." Thus, Plaintiff's request for a Rule 26 disclosure of any alleged indemnity agreements between Tanabe and Contra Costa County does not fall within the Rule 26 disclosure requirements.

The County disputes Plaintiff's contention that the County is acting as Tanabe's insurer. The County concurs with Tanabe's legal arguments concerning the scope of the Rule 26 initial disclosures respecting insurance.

**Facts:**

Version of Plaintiff Mitchell Katz:

Defendants Christopher Butler ("Butler") and Deputy Stephen Tanabe ("Tanabe") engaged in a criminal conspiracy that resulted in the "Dirty DUI" arrest of Plaintiff Mitchell Katz ("Plaintiff"). Butler provided details of his criminal conduct in his May 7, 2012 Plea Agreement in *United States of America v. Christopher Butler*, Case Number CR 11-0529-2 SBA. Specifically, Butler pled to the following criminal conduct:

> [F]rom at least November 2, 2010, through at least January 14, 2011, I knowingly and intentionally agreed to provide a Contra Costa County Deputy Sheriff, Stephen Tanabe, with property to which he was not entitled in return for his taking official action, that is stopping and arresting individuals for driving under the influence of alcohol (DUI).
>
> Specifically, I had agreed to conduct "stings" of husbands and ex-husbands for female clients involved in divorce, child custody, and other family law disputes. In cases in which the clients advised that their husbands or ex-husbands had a tendency to drink and drive, I would arrange for an undercover employee to meet the target at a bar, direct the employee to entice the target to drink alcohol until he was intoxicated, and have a police officer waiting outside the bar to stop the target for DUI. The goal of each sting was to have the target arrested for DUI. I often arranged for the stings to occur in Danville, California, where Tanabe was assigned to work patrol. I agree that these actions obstructed, delayed, and affected interstate commerce. These stings involved five or more participants.
>
> …
>
> I also conducted a DUI sting operation against H.A. on or about January 9, 2011, and one against M.K. [Mitchell Katz] on or about January 14, 2011, both at a bar in Danville. As we had agreed, Tanabe waited outside the bar until H.A. and M.K. left, and arrested them for DUI shortly thereafter. On or about January 15, 2011, I gave Tanabe a Glock handgun as compensation for his role in both the H.A. and M.K. arrests.

Tanabe was indicted for his crimes and his criminal matter remains pending. See *United States of America v. Stephen Tanabe*, Case Number CR 11-0941 SBA.

Benny Chetcuti, Jr. ("Chetcuti"), Rosemarie Butler ("Ms. Butler") and Lynne Davis ("Davis") were decoys employed by Butler as part of the DUI sting.

Defendant County of Contra Costa ("County of Contra Costa") employed Tanabe at the time of the DUI sting.

<u>Version of Defendants County of Contra Costa, Stephen Tanabe, Christopher Butler, Benny Chetcuti, Jr. and Rosemarie Butler:</u>

Defendants dispute the factual allegations of the First Amended Complaint and plaintiff Katz' recitation above except as stated below. Defendants state the relevant facts as follows:

Plaintiff was at one point married to defendant Alice Spenger. In the course of legal proceedings involving plaintiff and Ms. Spenger, Ms. Spenger retained the services of defendant Christopher Butler, who at the time was a licensed private investigator. On January 14, 2011, in the course of providing services to Ms. Spenger, Butler observed plaintiff consuming alcohol at a wine bar, The Vine, in the Town of Danville. Butler observed plaintiff voluntarily consume at least 12 one-ounce wine tasting glasses equivalent to at least three full glasses of wine. Butler contacted defendant Stephen Tanabe, a Deputy Sheriff in the Contra Costa County Sheriff's Office assigned to work in the town of Danville. Butler informed Tanabe about his observations respecting plaintiff's consumption of alcohol and his belief that plaintiff would likely be driving his vehicle illegally as a result. Tanabe was on patrol when he received Butler's information respecting plaintiff. Present with Tanabe in the patrol car was defendant Reserve Deputy Sheriff William Howard. After plaintiff left the bar and got into his vehicle, Tanabe and Howard in their patrol car followed plaintiff in his car. There was probable cause to make a traffic stop of plaintiff based on their observations of plaintiff's driving and there was a valid traffic stop of plaintiff. Upon contacting the plaintiff, Tanabe observed the odor of alcohol and objective signs of intoxication. With the plaintiff's cooperation, Tanabe performed a field sobriety examination that demonstrated further signs consistent with alcohol intoxication. Tanabe requested and plaintiff cooperated in completing preliminary alcohol testing of plaintiff using a PAS device. The readings showed that the plaintiff was over the legal limit of blood alcohol of 0.08%. Based on probable cause, plaintiff was arrested by Tanabe for driving under the influence of alcohol. Subsequent testing by the Contra Costa Crime lab demonstrated that the alcohol in plaintiff's blood was significantly over the legal limit for operation of a vehicle under California law.

1  Defendants deny any wrongdoing on their parts and assert that the arrest of Plaintiff was valid and based on probable cause. They have raised extensive defenses and immunities in their respective answers to the first amended complaint.

<u>Version of Defendant Lynne Davis</u>:

Ms. Davis denies that she was a party to any conspiracy. She worked for Butler for a total of 10 days, mostly as an unpaid 'intern.' She was paid for a total of 4.75 hours of work for Butler. She was unaware of any arrangement that Butler had with law enforcement to arrest people. She was asked to attend a function at the Vine. She did nothing to entice or encourage Katz to drink anything. At some point Butler texted her and asked if Katz was 'drunk' and Davis responded that, in her opinion, he was.

/ / /

/ / /

/ / /

Dated:  February 22, 2013        GEARINGER LAW GROUP


                                  By: /s/ Brian Gearinger
                                  BRIAN GEARINGER
                                  Attorneys for Plaintiff MITCHELL KATZ


Dated:  February 22, 2013        OFFICE OF THE COUNTY COUNSEL OF
                                  CONTRA COSTA


                                  By:     /s/ D. Cameron Baker
                                  D. CAMERON BAKER
                                  Attorneys for Defendants
                                  COUNTY OF CONTRA COSTA

| | | |
|---|---|---|
| 1 | Dated:  February 22, 2013 | EDRINGTON, SCHIRMER & MURPHY LLP |

By:  /s/ Keith R. Schirmer
PETER P. EDRINGTON
KEITH R. SCHIRMER
Attorneys for Defendant
STEPHEN TANABE

Dated:  February 22, 2013         STEELE, GEORGE, SCHOFIELD & RAMOS, LLP

By:  /s/ Geoffrey Wm. Steele
GEOFFREY WM. STEELE
Attorneys for Defendants
BENNY CHETCUTI, JR., ROSEMARIE CHETCUTI BUTLER and CHRISTOPHER BUTLER

Dated:  February 22, 2013         HARTNETT, SMITH & PAETKAU

By:  /s/ Charles J. Smith
CHARLES J. SMITH
Attorneys for Defendant
LYNNE DAVIS