IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASAN ARDA AKSU,<br><br>　　Plaintiff,<br><br>　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　Defendants. | No. C 12-04268 CRB |
| MITCHELL KATZ,<br><br>　　Plaintiff,<br><br>　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　Defendants. | No. C 11-05771 CRB<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS** |

　　Defendant Tanabe moves to stay proceedings pending his appeal of the Court's denial of summary judgment based on qualified immunity. See generally Mot. (dkt. 83) in Case no. 12-4268 CRB; Mot. (dkt. 138) in Case no. 11-5771 CRB. As a general rule, a party may not appeal a denial of summary judgment. See Padgett v. Wright, 587 F.3d 983, 985 (9th Cir. 2009); see, e.g., Jones-Hamilton Co. v. Beazer Materials & Servs., Inc., 973 F.2d 688, 693–94 (9th Cir. 1992). However, the Supreme Court delineated a narrow exception to this

rule where a district court denies a claim of qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). Typically, an appeal of a pretrial order denying qualified immunity divests the district court of jurisdiction. See United States v. Claiborne, 727 F.2d 842 (9th Cir. 1984). But a district court may retain jurisdiction and proceed to trial if the court finds and certifies in writing that such an appeal is frivolous. See Padgett, 587 F.3d at 985; Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992); In re George, 322 F.3d 586, 591 (9th Cir. 2003) (holding that an appeal is frivolous when "the results are obvious").

Government officials are only protected by qualified immunity when "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Behrens v. Pelletier, 516 U.S. 299, 305 (1996) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Pearson v. Callahan, 555 U.S. 223, 244 (2009) ("The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."). A right can be clearly established even if there is "no closely analogous case law" simply "on the basis of 'common sense.'" See Giebel v. Sylvester, 244 F.3d 1182, 1189 (9th Cir. 2001). Common sense dictates that a police officer's paid participation in a private investigator's scheme to trick an individual into (1) drinking to excess and then (2) getting behind the wheel of his car[1] is outrageous conduct in violation of the Fourteenth Amendment. Cf. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998) ("threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.").

No officer who agreed to participate in a scheme to target individuals in dirty DUI stings in exchange for cash, cocaine, and a Glock handgun, see Gearinger Decl. Ex. A (dkt. 63-1) in Case no. 12-4268 CRB; (dkt. 116-2) at 8–9, 12, 16–17, 27–28, 49–52 in Case no.

---

[1] On appeal, the Ninth Circuit "resolve[s] all factual disputes in favor of the plaintiff and look[s] at the purely legal question of whether the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights." Cunningham v. City of Wenatchee, 345 F.3d 802, 807–08 (9th Cir. 2003) (citations omitted). For the purpose of analyzing whether this appeal is frivolous, therefore, this Court's analysis resolves all factual disputes in favor of Plaintiffs Katz and Aksu. This Court has not made any findings of facts for the purposes of trial.

2

11-5771 CRB, would reasonably believe that his conduct complied with the law.[2]  Certainly Tanabe did not believe that it did: Deputy Howard testified that routine patrol "does not involve sitting for an hour and a half to two hours awaiting for somebody."  See Gearinger Decl. Ex. B (dkt. 63-1) in Case no. 12-4268 CRB; (dkt. 116-2) at 79–80 in Case no. 11-5771 CRB.  Howard also explained that where an officer receives a tip from someone familiar, as Tanabe did here, the officer routinely would call dispatch and ask to be dispatched to that situation.  See id.  Tanabe did neither, instead laying in wait for at least an hour and concealing his activities from dispatch.  Id. at 67–68, 72.  Any reasonable officer would understand that Tanabe's conduct was "repugnant to the American system of justice," in violation of the Fourteenth Amendment.  See Shaw v. Winters, 796 F.2d 1124, 1125 (9th Cir. 1986).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Pearson v. Callahan, 555 U.S. 223, 231 (2009).  Accepting Plaintiffs' facts, it can hardly be said here that Tanabe exercised his power responsibly.  The results of this appeal are obvious: Tanabe is not entitled to qualified immunity.  See In re George, 322 F.3d at 591.  Accordingly, this Court certifies Tanabe's appeal as frivolous, retains dual jurisdiction, and will proceed to trial.  Tanabe's motion to stay the proceedings is DENIED.

**IT IS SO ORDERED.**

Dated: April 27, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] Indeed, a jury has already found Tanabe guilty of extortion under color of official right for obtaining a Glock handgun in exchange for the DUI arrests of these same Plaintiffs.  See Gearinger Decl. Ex. F (dkt. 63-2) in Case no. 12-4268 CRB; (dkt. 116-2) in Case no. 11-5771 CRB.